**PATCH v. STAHLY.**

No. 8211.

Circuit Court of Appeals, Seventh Circuit.
April 30, 1943.

Rehearing Denied May 26, 1943.

A. Trevor Jones, of Chicago, Ill., for appellant.

Walter R. Arnold and Arnold, Degnan, Goheen & Zimmerman, all of South Bend, Ind., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal by plaintiff from an unfavorable judgment, entered September 29, 1942, in an action upon a contract, executed April 20, 1937, signed by Allen J. Patch, Engineer (plaintiff) and Perry G. Stahly, Trustee (defendant). The suit was against Stahly individually and the main defense,

sustained by the lower court, is that he was not liable in such capacity.

Plaintiff is a mechanical engineer, and the contract in suit relates to services performed and to be performed in connection with laundry machinery which defendant was interested in developing and manufacturing. Prior to the execution of the contract in suit and on July 20, 1936, the parties had entered into a contract relative to the same subject matter, in which plaintiff was designated as "Engineer" and defendant as "Licensee." The contract in suit contains a provision to the effect that it "supersedes and annuls all previous contracts and understandings heretofore had or entered into between the parties," and plaintiff urges that the rights and liabilities of the parties are to be determined solely by this contract, notwithstanding the former contract was offered in evidence by the plaintiff for the purpose of disclosing the existing situation. For the same reason, there was offered in evidence a trust agreement, dated July 22, 1936, and a supplement thereto, executed August 18, 1936. Plaintiff was not a party to the original trust agreement although he was present when its terms and conditions were under discussion. The supplemental agreement bears his signature as a party thereto. The lower court, properly so we think, took into consideration the provisions of these instruments, fixing the rights of the parties prior to the execution of the contract in suit, as bearing upon their intent at the time of the execution of the contract in suit.

The contract of July 20, 1936 contemplates a trust agreement which was actually entered into two days later, and to follow that, the organization of a corporation, which was actually formed, but subsequent to the execution of the contract in suit. The first contract also contemplates that the personal liability of the defendant shall cease upon the execution of the trust agreement. Upon the execution of such trust agreement, the liability was to be assumed by the trust until such time as a corporation was formed. Then the liability was to be assumed by the corporation. The contract recites: "Immediately upon the completion of the trust agreement hereinabove mentioned * * * this contract automatically becomes the contract of the trust and no longer the personal obligation of the trustee, Perry G. Stahly, and continues as the contract of the trust with-

out formal assignment until (a) the formation of the corporation contemplated aforesaid, * * * immediately upon the formation of the corporation contemplated * * * this contract * * * shall become the property and obligation of the corporation, and the said Stahly, individually and as trustee, shall thereupon be relieved from the provisions hereof."

The trust agreement identifies defendant as the trustee thereunder, recites that he is contracting as such trustee, and makes provision for plaintiff to acquire an interest in the trust in the event that no corporation is formed. Thus there can be no question but that at the time of the execution of the contract in suit, defendant was relieved of all personal liability. This is so by reason of the express terms of the then existing contract and recognized by the trust agreement.

We then come to the terms of the contract in suit. It is plaintiff's contention that defendant being dissatisfied with the existing contract proposed the one now in suit, and that plaintiff agreed only on condition that the defendant be made personally liable thereon. True, plaintiff testified orally to that effect, but unfortunately for him no such provision was inserted in the latter contract. In this connection, it is urged that the contract must be strictly construed against the defendant as it was prepared and submitted by him. On the other hand, we note that the contract was examined and approved by plaintiff's counsel. Plaintiff stresses the provision of the later contract to the effect that it was to supersede all previous contracts and agreements between the parties, and upon this basis argues that defendant's freedom from personal liability as theretofore provided was destroyed and that he became personally liable under what is claimed to be the general rule of law that a person who signs an instrument under the designation of Trustee is personally liable thereon.

We doubt the plausibility of plaintiff's contention in this respect. Admittedly, plaintiff was aware of the fact that defendant had been expressly relieved of all personal liability. He contends that he requested the restoration of defendant's personal liability as a condition to the execution of the new contract, but when the contract was consummated it contained no provision to this effect. It is our view that under such circumstances defendant's non-liability status remained unchanged.

Furthermore, any doubt in this respect is removed by the terms of the contract in suit, especially when considered in connection with the conduct of the parties subsequent to its execution. The contract provides: "This Agreement, made and entered into as of the 1st day of April, 1937, (it was signed April 20, 1937) by and between Perry G. Stahly, * * * as Trustee under a certain Trust Agreement entered into on the 22nd day of July, 1936, for the development of 'Rocke and Patch Equipment' and other purposes * * *." Thus, at a time when the trust carried the sole responsibility for performance of the contract between the parties, defendant entered into the contract in suit, not as an individual and not merely as a Trustee for an undisclosed trust, but as a Trustee for a certain designated trust which alone was liable to plaintiff. Without any provision in the contract indicating a contrary intention, it would seem that the trust continued as the party liable for performance until the organization of the corporation. This view is consistent with the further provision of the contract, "as soon as said corporation is formed, this agreement shall automatically become the contract of said corporation." Having become the contract of the corporation by agreement of the parties, it was no longer that of the trust. In other words, the parties by agreement in the contract in suit made it the contract of the corporation, just as the parties in the first contract made it the contract of the trust at the time of its formation.

The corporation came into being July 28, 1937, and commenced the transaction of business two days later. The conduct of the parties subsequent thereto strongly indicates that the parties recognized the corporation as solely liable for performance of the contract. Relative thereto, the lower court found: "Immediately after the formation of the corporation so contemplated by the parties * * * the said plaintiff became an employee of the said corporation and thereafter and continuously thenceforward to the date of termination of his said contract, plaintiff recognized the said corporation as his employer, without any qualifications * * * and thereafter he received his specified salary from said corporation, performed his work for said corporation and looked to said corporation for the performance of the contract (the one in suit)." We shall not relate the evidence upon which this finding was predicated. It is sufficient to state that we have

examined it and that the finding is amply supported.

We think there is no occasion to analyze and distinguish the authorities relied upon by plaintiff. None of them relate to a factual situation such as here disclosed. Admittedly, defendant by agreement was released from personal liability and there is nothing in the contract in suit which manifests an intention of the parties that defendant should become liable in such capacity. As already pointed out, the contract indicates a contrary intention, and the subsequent conduct of the parties shows that it was so interpreted by them.

We conclude that the judgment appealed from was proper, and it is affirmed.